UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KLEYSTEUBER & GILLEN, INC.,

      Plaintiff,

v.

                                       Case No. 26-cv-1100-TC-JBW

NATIONWIDE AGRIBUSINESSS INSURANCE
COMPANY,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion for Leave to File Amended Complaint (Dkt. 16). Plaintiff requests leave to file its proposed Amended Complaint, pursuant to Fed. R. Civ. P. 15(a)(2) and D. Kan. Rule 15.1, to incorporate certain claims for attorneys' fees into existing underlying claims. Defendant filed a response (Dkt. 19) opposing some of the proposed amendment as futile. For the reasons discussed below, Plaintiff's motion is granted.

## I.      Background

Plaintiff filed its Petition in the District Court of Finney County, Kansas on March 23, 2026 ("State Court Case"). Plaintiff alleges that Defendant refused to pay amounts due Plaintiff under Plaintiff's insurance policy for hail damage. The Petition (Dkt. 1-1) asserted five Counts: (1) Breach of Contract, (2) Anticipatory Repudiation of Contract, (3) Breach of the Duty of Good Faith and Fair Dealing, (4) Refusal to Pay — K.S.A. §40-908, and (5) Refusal to Pay without just cause or excuse - K.S.A. 40-256.

Defendant removed the State Court Case to this Court on April 23, 2026. After removal, Defendant filed a Partial Motion to Dismiss (Dkt. 7) on April 30, 2026. Defendant's motion requests dismissal of Counts 2, 3, 4, and 5 of Plaintiff's Petition for failure to state a claim upon

which relief can be granted. One of Defendant's arguments for dismissal is that Kansas law does not recognize a separate cause of action for breach of the duty of good faith and fair dealing. On May 14, 2026, Defendant filed its Answer (Dkt. 9) to Plaintiff's breach of contract claim (Count 1). On June 11, 2026, Plaintiff filed its motion requesting leave to file an amended complaint that contains two counts: Breach of Contract (Count 1) and Breach of the Duty of Good Faith and Fair Dealing (Count 2). A scheduling conference is currently set for July 21, 2026.

**II.      Legal Standards for Amendment of Pleadings**

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that a party may amend a pleading "once as a matter of course" before trial if it does so within certain deadlines.[1] "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."[2] Rule 15(a)(2) instructs that the court "should freely give leave when justice so requires," and the U.S. Supreme Court has held this "mandate is to be heeded."[3] If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, the plaintiff ought to be afforded an opportunity to amend the complaint to test the claim on the merits.[4] "Rule 15 was promulgated to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties."[5]

---

[1] *See* Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[4] *Id.*

[5] *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982).

The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[6] The grant or denial of an opportunity to amend is within the discretion of the district court.[7] The party opposing amendment bears the burden to show why leave should not be granted.[8]

### III.    Whether Plaintiff Should Be Granted Leave to File its Amended Complaint

Plaintiff argues its motion is timely, sought in good faith, and Defendant will not be prejudiced by the proposed amendment. It points out discovery has not commenced, and the Court has not yet entered a scheduling order or set any deadline for filing motions to amend the pleadings. Plaintiff's proposed amended complaint removes the claim for anticipatory repudiation (Count 2), and reorients as to the contract claim's requested relief (under proposed Count 1) what Plaintiff previously pled as independent causes of action for statutory attorney's fees (originally Counts 4 and 5).

Defendant states it generally takes no issue with one such discrete proposed amendment; Defendant does not oppose Plaintiff reorienting its claims for statutory attorneys' fees as the requested relief under Count I for the breach of contract claim. However, Defendant opposes Plaintiff's proposed amended complaint to the extent it continues to maintain a separate claim for breach of the duty of good faith and fair dealing. Defendant argues this claim remains subject to

---

[6] *Foman*, 371 U.S. at 182.

[7] *Id.*

[8] *Rasmussen v. Found. for Affordable Hous.*, No. 24-2081-TC-BGS, 2026 WL 237298, at \*6 (D. Kan. Jan. 29, 2026) (citation omitted).

dismissal and it would therefore be futile to allow the proposed amendment. It requests the Court deny Plaintiff's motion.

Based upon the liberal standards governing the amendment of pleadings and the early stage of this case, the Court grants Plaintiff leave to file its proposed Amended Complaint with the full amendment sought. Plaintiff is not adding a new claim but merely moving its requests for attorneys' fees, previously set out separately in Counts 4 and 5 in the Petition, into the existing claim for breach of the duty of good faith and fair dealing. This claim was previously Count 3 in the Petition and is now in Count 2 in the Amended Complaint. Given the nature of the amendment proposed, the Court concludes it will be more expedient and efficient, consistent with Fed. R. Civ. P. 1, to allow Plaintiff to file its Amended Complaint with all the proposed amendments. Defendant can reassert its argument that Kansas law does not recognize a separate cause of action for breach of the duty of good faith and fair dealing in a motion to dismiss. The District Judge can then address Defendant's arguments for dismissal of the claim in that procedural posture.[9]

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. 16) is **granted**. Plaintiff shall file its proposed Amended Complaint, attached as Exhibit 1 (Dkt. 16-1) to its motion, by **July 15, 2026**.

IT IS SO ORDERED.

Dated July 8, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge

---

[9] *See Lynch v. Andersons Exec. Servs. LLC*, No. 25-2148-KHV-BGS, 2025 WL 2336455, at *5 (D. Kan. Aug. 13, 2025) ("Defendant's futility argument is an issue more appropriately raised in the context of a dispositive motion before the District Court.").

4